IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

CIVIL ACTION NO.: 05-30040-MAP

| | |
|---|---|
| MICHAEL F. SIBILIA, KENNETH WAGNER, MICHAEL J. WAGNER, ANDREW S. LYNC, KEVIN KEELEY, MARK W. HOLDEN, WILLIAM GRASSETTI, PAUL J. FOLEY, HAROLD THOMAS FOLEY, III, EDWARD F. FOLEY, JR., JAMES P. FOLEY, WILLIAM C. FOLEY, JOHN D. CONWAY, THOMAS E. CRERAN, AND ALL OTHERS SIMILARLY SITUATED,<br>      PLAINTIFFS,<br>v<br>TOWN OF WEST SPRINGFIELD,<br>      DEFENDANT, | COMPLAINT |

1. This action is brought by current employees of the West Springfield Fire Department on behalf of themselves and all others similarly situated. Plaintiffs bring this action seeking a declaratory judgement, overtime pay, liquidated damages and other relief under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 et. seq. (FLSA).

2. Defendant's willful violations of the FLSA include intentionally failing and refusing to pay Plaintiffs and other similarly situated employees all compensation due them under the FLSA and its implementing regulations.

**JURISDICTION**

3. Jurisdiction over this action is conferred on this court by 29 U.S.C. §216(b) and 28 U.S.C. §§ 1331 and 1337.

4. Declaratory Relief is authorized under 28 U.S.C. §§2201 and 2202.

5. This court is the proper venue for this action pursuant to 28 U.S.C. §1391(b).

Page -1-



## PARTIES

6. Each of the Plaintiffs and similarly situated individuals is an employee, within the meaning of the FLSA §203(e), of the Town of West Springfield. Each Plaintiff has consented to become a member of this action pursuant to 29 U.S.C. §216(b).

7. The defendant, Town of West Springfield, Massachusetts is an employer within the meaning of 29 U.S.C. §203(d) and is the official governmental authority responsible for the organization, provision, management and operation of fire protection services within its jurisdiction.

## FACTUAL BACKGROUND

8. The Plaintiffs are all members of a certified exclusive bargaining representative called the West Springfield Fire Fighters Association, Local 2212 of the I.A.FF (hereinafter referred to as the "Union"). The Union most recently negotiated a collective bargaining agreement with a duration of July 1, 2002 through June 30, 2004. This collective bargaining agreement covers all terms and conditions of employment including wages and other compensation.

9. The defendant has not invoked the Partial Public Safety exemption under 29 U.S.C. §207(k).

10. Under Article 19 of the current collective bargaining agreement, the plaintiffs are required to work an average of 42 hours per week with rotating shifts of two (2) ten (10) hour day shifts followed by two (2) fourteen (14) hour night shifts. The plaintiffs work four (4) days on followed by four (4) days off. As a result of this shift rotation, the plaintiffs work in excess of 40 regularly scheduled hours in a significant number of weeks each year.

11. In those weeks where the plaintiffs work in excess of 40 regularly scheduled hours, the defendant does not pay the plaintiffs overtime wages.

12. Under Article 24 of the collective bargaining agreement, the plaintiffs are paid, in addition to compensation provided for elsewhere in the agreement:

> $75.00 for every three (3) credit hours completed and credited in the curriculum of a duly accredited college's Fire Science Education and Degree Program approved by the Chief or the Emergency Medical Services Education Degree Program as approved by the Chief, as of July 1st of any year with a maximum of $2000 for an Associate Degree in Fire Science or Emergency Medical Services.

13. The payments required by Article 24 of the collective bargaining agreement were not included in the employer's calculation of the plaintiff's regular rate of pay under 29 U.S.C. §207(A) and 29 C.F.R. Part 778.

14. Article 18 of the collective bargaining agreement also provides for an annual payment of longevity pay to the plaintiffs based on their years of service. .

15. The additional pay described in paragraph 14 above was paid to the plaintiffs but was erroneously not included in the calculation of the plaintiffs' regular rate of pay under 29 U.S.C. §207(A) and 29 C.F.R. Part 778.

16. Article 38 of the collective bargaining agreement provides for the payment of additional compensation for those plaintiffs who are in the process of obtaining certification as an Emergency Medical Technician (EMT) as well as increased pay for those firefighters with EMT certification who are assigned to the ambulance as a part of their duties.

17. The additional pay described in paragraph 16 above was paid to some of plaintiffs but was erroneously not included in the calculation of their regular rate of pay under 29 U.S.C. §207(A) and 29 C.F.R. Part 778.

18. By the Acts described herein the defendant has failed to pay the plaintiffs overtime wages as required under 29 U.S.C. 207(a) for hours worked in excess of 40 in a particular week. The defendant has also failed to pay the plaintiffs time and one half their "regular rate" pay and has therefore violated the Fair Labor Standards Act.

19. The defendant has violated and continues to violate the FLSA by failing and refusing in a willful and intentional manner to pay plaintiff's and other similarly situated employees all overtime compensation due them under the FLSA and its implementing regulations.

WHEREFORE, Plaintiffs respectfully request that this court:

a. Enter declaratory judgement that defendants has wilfully and intentionally violated its statutory obligations and deprived the plaintiffs of their entitlement under the law, as alleged herein;

b. Order defendants, under the supervision of Plaintiff's counsel or their designated agents or representatives, to make a complete and accurate accounting of all FLSA time and corresponding payments due to each Plaintiff for hours worked since February 7, 2001;

c. Enter judgement under the FLSA Section 216 against the Defendants for all sums found due each Plaintiff;

d.  Award each Plaintiff monetary liquidated damages equal to their unpaid FLSA compensation, plus interest;

e.  Award Plaintiffs their reasonable attorney's fees and costs of this action to be paid by the Defendants; and

f.  Grant such other and further relief as the court deems just and proper.

### PLAINTIFFS DEMAND TRIAL BY JURY

Respectfully Submitted,

The Plaintiffs
By their attorney,

John Connor, Esq
Moriarty and Connor, LLC
101 State Street, Suite 501
Springfield, MA 01103
BBO#629185
Tel# 827-0777
Fax#827-8867

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Michael Sibilia, Et. al

**DEFENDANTS**
Town of West Springfield

(b) County of Residence of First Listed Plaintiff  **Hampden**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  **Hampden**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
John Connor, Esq., Moriarty and Connor, LLC 101 State Street, Suite 501 Springfield, MA 01103 (413) 827-0777

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**
*PERSONAL INJURY*
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

*PERSONAL INJURY*
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

*PERSONAL PROPERTY*
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
*Habeas Corpus:*
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☒ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:
defendant failed to pay obvetrtime wages as required by the Fair Labor Standards Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ According to Proof
CHECK YES only if demanded in complaint
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE
DOCKET NUMBER

DATE 2/7/05
SIGNATURE OF ATTORNEY OF RECORD John Connor

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

305847

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Michael Sibilia, et. al, v. Town of West Springfield__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ___  I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   _X_  II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,       *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

   ___  III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

   ___  IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

   ___  V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
   None

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
                                                                              YES ☐        NO  X

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?  (See 28 USC §2403)
                                                                              YES ☐        NO  X
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
                                                                              YES ☐        NO  X

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
                                                                              YES ☐        NO  X

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
                                                                              YES  X       NO  ☐

   A. If yes, in which division do all of the non-governmental parties reside?

      Eastern Division ☐         Central Division ☐         Western Division  X

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

      Eastern Division ☐         Central Division ☐         Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
                                                                              YES ☐        NO  X

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __John D. Connor, Esq.__
ADDRESS __Moriarty and Connor, LLC, 101 State Street, Suite 501 Springfield, MA 01103__
TELEPHONE NO. __(413) 827-0777__