IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

CIVIL ACTION NO.: 05-30040-MAP

| | |
|---|---|
| MICHAEL F. SIBILIA, KENNETH WAGNER, MICHAEL J. WAGNER, ANDREW S. LYNC, KEVIN KEELEY, MARK W. HOLDEN, WILLIAM GRASSETTI, PAUL J. FOELY, HAROLD THOMAS FOLEY, III, EDWARD F. FOLEY, JR., JAMES P. FOLEY, WILLIAM C. FOLEY, JOHN D. CONSWAY, THOMAS E. CRERAN, AND ALL OTHERS SIILARLY SITUATION, <br><br> PLAINTIFFS, <br> v. <br><br> TOWN OF WEST SPRINGFIELD, <br><br> DEFENDANT, | ANSWER |

1. No answer is required by the Defendant and the Defendant call upon the Plaintiffs to prove the allegations in paragraph 1 of the Plaintiffs' complaint.

2. The Defendant denies the allegations contained in paragraph 2 of the Plaintiffs' complaint.

3. The Defendant does not dispute jurisdiction of this Court, however, it leaves the determination of such to the Court recognizing the parties can not confer the jurisdiction on the Court.

4. The Defendant admits declaratory relief is authorized under 28 USC § 2201 and 2202 but denies there is any basis to exercise that authority in this action.

5. The Defendant does not dispute venue.

6. The Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 6 of the Plaintiffs' complaint and therefore denies the same and calls upon the Plaintiffs to prove said allegations.

7. The Defendant admits the allegations contained in paragraph 7 of the Plaintiffs' complaint.

8. The Defendant denies the most recently negotiated collective bargaining agreement is for the period July 1, 2002 through June 30, 2004 and that said agreement covers all terms and conditions of employment and call upon the Plaintiffs to prove the same. The Defendant is without sufficient information to either admit or deny the Plaintiffs are all members of Local 2212 of the I.A.F.F. and therefore denies the same and further call upon the Plaintiffs to prove said allegation.

9. The Defendant denies the allegation contained in paragraph 9 of the Plaintiffs' complaint.

10. The Defendant admits that Article Nineteen of the current collective bargaining contract between the Town of West Springfield and Local 2212 reads as follows:

ARTICLE NINETEEN
HOURS OF DUTY FOR THE FIRE FIGHTING FORCE

19.01. The hours of duty shall be so established that the average weekly hours of duty in any year, other than hours during which such members may be summoned and kept on duty because of conflagration or major emergency, shall not exceed forty-two (42) hours. The day shift shall normally consist of ten (10) hours to start at 8:00 a.m. and end at 6:00 p.m. The night shift shall normally consist of fourteen (14) hours to start at 6:00 p.m. and end at 8:00 a.m. The Department rules will be observed where applicable.

11. The Defendant denies the allegations contained in paragraph 11 of the Plaintiffs' complaint.

12. The Defendant admits Article Twenty-Four of the current collective bargaining contract reads as follows:

ARTICLE TWENTY-FOUR
EDUCATIONAL BENEFITS

24.01. The Town shall, in addition to the Compensation provided for elsewhere in this Agreement, provide annual increments of $75.00 for every three (3) credit hours completed and credited in the curriculum of a duly accredited college's Fire Science Education and Degree Program approved by the Chief or the Emergency Medical Services Education Degree Program as approved by the Chief, as of July 1st of any year with a maximum of $2000 for an Associate Degree in Fire Science or Emergency Medical

Services. Said Educational Benefits shall be paid on July 1st of each year.

24.02. Firefighters hired after August 15, 1999 shall not receive the per credit payments set forth in Section 24.01. Said employees shall be paid an education benefit of $2000 when they receive an Associates Degree in Fire Science or Emergency Medical Services set forth in Section 24.01.

13. The Defendant denies any of the Plaintiffs were required to be paid FLSA wages so as to require the calculations 29 USC § 207(A) and 29 C.F.R. part 778 to be applied.

14. The Defendant admits the current collective bargaining contract provides the Defendant pay longevity benefits to members of the bargaining group.

15. The Defendant admits any failure to include longevity payments in any calculation of overtime required pursuant to 29 U.S.C. § 207(A) and the regulation thereunder was erroneous, however, the Defendant denies any of the Plaintiffs were required to be paid FLSA wages so as to require the inclusion in the calculations of overtime, since the Plaintiffs did not work the minimum hours required of fire fighting personnel under the act and the Town's declaration of the applicable work period.

16. The Defendant admits Article Thirty-Eight of the current collective bargaining contract provides for additional payments to members of the bargaining group but denies all of said payments qualify for inclusion in computing FLSA overtime rates.

17. The Defendant admits any failure to include EMT payments in any calculation of overtime required pursuant to 29 U.S.C. § 207(A) and the regulation thereunder was erroneous, however, the Defendant denies any of the Plaintiffs were required to be paid FLSA wages so as to require the inclusion in the calculations of overtime, since the Plaintiffs did not work the minimum hours required of fire fighting personnel under the act and the Town's declaration of the applicable work period.

18. The Defendant denies the allegations contained in paragraph 18 of the Plaintiffs' complaint.

19. The Defendant denies the allegations contained in paragraph 19 of the Plaintiffs' complaint.

**DEFENSE**

1. The Plaintiffs claims are barred by the applicable statute of limitations.

2. The Plaintiffs claims are barred by latches.

3. The Plaintiffs fail to state a claim upon which relief can be granted.

4. The Plaintiffs have failed to follow the dispute resolution procedures set forth in the current collective bargaining agreement between the Defendant and Local 2212.

5. Any money the Defendant may be found to own the Plaintiffs must be off set by the amount of the contractual overtime paid to the Plaintiffs.

6. The actions of the Defendant have at all times relevant to this action been barred upon the Towns adoption of the exemption provided for public safety personnel under 29 USC § 207(K).

7. Any violation by the Defendant of the FLSA was innocent and not done in a willful and or intentional manner.

8. The Plaintiffs have failed to allege that any of them have actual worked the requisite number of hours per week required to qualify for FLSA overtime.

9. The Plaintiffs have waived their claims under the FLSA by execution of the current collective bargaining contract and its predecessors and not pursuing this in a timely manner.

10. The Plaintiffs have been paid all the compensation they are entitled to under the existing collective bargaining contract.

The Town of West Springfield

by _____
James T. Donahue
1252 Elm Street-Suite 6
P.O. Box 465
West Springfield, MA 01090-0465
(413)733-2100/FAX (413)746-6279
BBO #128700

## Certificate of Service

I hereby certify that a true copy of the attached documents were served upon opposing counsel by first class mail postage prepaid on _May 4 2005_ as follows:

John Connor, Esquire
Moriarty & Connor, LLC
101 State Street-Suite 501
Springfield, MA 01103

_____
James T. Donahue